UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTINA MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:15-cv-01387-AGF |
| | ) | |
| ST. LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Defendant's motion to dismiss Count III of Plaintiff's first amended complaint that alleged common law wrongful discharge, pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 14.) For the reasons set forth below, the motion will be granted.

# BACKGROUND

Plaintiff Christina Miller was employed by Defendant St. Louis University from July 2008 to September 2014. Plaintiff alleges that between July 2008 and 2011, she was mistreated and discriminated against by her immediate supervisor, Joanne Couch.

As relevant to this motion, Plaintiff alleges that in August 2014, Couch directed Plaintiff to purge a list of waiting patients not yet seen in Couch's department, the Department of Neurology and Psychiatry. Plaintiff alleges that she pointed out to Couch that these patients had not been seen because of "staffing issues or other matters and in many cases had not been seen entirely without fault of their own." (Doc. No. 12 at 2.)

Plaintiff further alleges that she attempted to avoid moving the patients off of the waitlist without some sort of notification to or discussion with the patient. Plaintiff alleges that Couch became angry because of Plaintiff's refusal.

Plaintiff alleges that she reported Couch's treatment of her to Defendant's Human Resources Department. Plaintiff's employment was thereafter terminated, on September 25, 2014.

Based on these allegations, in Count III of her first amended complaint, Plaintiff asserts a claim for retaliatory discharge in violation of Missouri common law. Plaintiff claims that she was discharged in part because she refused to purge the waitlist as directed by Couch. Plaintiff argues that her refusal was justified because she was opposing "improper patient care." (Doc. No. 12 at 5.)

On December 14, 2015, Defendant filed the present motion to dismiss Count III of Plaintiff's first amended complaint for failure to state a claim. Defendant argues that because Plaintiff has failed to identify any law dictating a clear mandate of public policy proscribing her discharge, she fails to state a claim for common law wrongful discharge. Plaintiff filed no response, and the time to do so has passed.

## **DISCUSSION**

To survive a motion to dismiss for failure to state a claim, a plaintiff's allegations must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must accept the plaintiff's factual allegations as true and construe them in the plaintiff's favor, but it is not required to

accept the legal conclusions the plaintiff draws from the facts alleged. *Iqbal*, 556 U.S. at 678; *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).

Missouri adheres to the doctrine of "at-will" employment, which "allows an employer to terminate an employee for any reason or no reason at all." *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 854 (8th Cir. 2012) (citing *Crabtree v. Bugby*, 967 S.W.2d 66, 70 (Mo. 1998)). However, an at-will employee may assert a common law claim for wrongful discharge[1] if the employee were "terminated for refusing to perform an illegal act or reporting wrongdoing or violations of law to superiors or third parties." *Margiotta v. Christian Hosp. Ne. Nw.*, 315 S.W.3d 342, 346 (Mo. 2010). "[A] wrongful discharge action must be based on a constitutional provision, statute, regulation, or rule promulgated by a governmental body." *Richter*, 686 F.3d at 855 (citing *Margiotta*, 315 S.W.3d at 347). The plaintiff's complaint "must specify the legal provision violated by the employer, and it must affirmatively appear from the face of the [complaint] that the legal provision in question involves a clear mandate of public policy." *Frevert v. Ford Motor Co.*, 614 F.3d 466, 471 (8th Cir. 2010) (quoting *Misischia v. St. John's Mercy Med. Ctr.*, 30 S.W.3d 848, 863 (Mo. Ct. App. 2000)).

Even taking Plaintiff's alleged facts as true, she has failed to state a claim under Missouri common law because her complaint fails to cite a single legal authority to support

---

[1] Though Plaintiff styles Count III as a claim for common law "retaliatory discharge," (Doc. No. 12 at 4), the term Missouri courts use for this type of common law claim is "wrongful discharge." *See, e.g.*, *Margiotta v. Christian Hosp. Ne. Nw.*, 315 S.W.3d 342, 346 (Mo. 2010).

her asserted public policy exception to at-will employment. *See Richter*, 686 F.3d at 856 (finding that a plaintiff failed to state a common law wrongful discharge claims where the "complaint [did] not indicate what legal provision, if any, . . . [had been] violate[d]"). Plaintiff claims that her refusal to purge the waitlist was a substantial factor for her termination, but she fails to identify any legal source indicating that such purging contravened a clear mandate of public policy. Absent such explicit authority, Plaintiff's claim in Count III fails as a matter of law. *See id.* However, the Court will dismiss this claim without prejudice to Plaintiff's opportunity timely to seek leave to amend her complaint if she believes she can cure the pleading defect.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss Count III of Plaintiff's first amended complaint for failure to state a claim is **GRANTED**. (Doc. No. 14.) Count III is **DISMISSED without prejudice**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 29th day of March, 2016.